CORBIN

*v.*

PATTON *et al.*

(*Supreme Court of Appeals of Virginia, Dec. 3, 1896.*)

[26 S. E. Rep. 410.]

**Chancery Practice—Answer under Oath—Responsive Effect.** *

A responsive answer under oath, as required by a bill, is conclusive of the case where there is no evidence in conflict with it.

Appeal from hustings court of Danville.

Bill by Thompson Corbin against W. F. Patton, receiver, and another, for injunction and accounting. From the decree rendered, complainant appeals. Affirmed.

*James L. Tredway* and *R. R. Fauntleroy*, for appellant.

*Peatross & Harris*, for appellee.

KEITH, P., delivered the opinion of the court.

W. F. Patton, receiver of the assets of the firm of W. S. Patton, Sons & Co., in September, 1893, instituted a suit at law in the hustings court of Danville against T. A. Corbin, surviving partner of T. J. Corbin & Co., who had constituted the firm of T. J. Corbin & Co., on a note which had been executed by the firm for the sum of $2,000, and in that suit recovered a judgment for that amount, with 6 per cent. inter-

*See monographic note on "Answers in Equity Pleading" appended to Tate v. Vance, 27 Gratt. 571 (Va. Rep. Anno.).

est thereon from the 4th day of February, 1891, till paid, and his costs. On the 13th day of April, 1894, Thompson Corbin filed his bill of injunction against W. F. Patton, receiver as aforesaid, and W. I. Overby, sheriff of Pittsylvania county, in which he sets out this judgment, and charges that the note for which it was rendered was made at a usurious rate of interest ; that as much as 8, 9, and 10 per cent. per annum was charged for and collected upon said note for several years. The bill also alleges that a large number of notes, accounts, and bonds belonging to the firm of T. J. Cobin & Co. had been assigned as security for this and other notes due by Corbin & Co. to Patton, Sons & Co., and that a considerable sum had been collected by the last-named firm, but no credit has been allowed on the note or judgment. The bill charges that the note and judgment are entitled to a credit on this account, and that the sums so to be credited are unknown to the plaintiff. The plaintiff prays that the defendants may answer the bill on oath, and be required to discover all bonds, contracts, and other shifts relative to said note, and the interest and consideration of the same ; that any sums paid in the way of usurious interest be directed to be credited on the principal of the judgment ; that all necessary accounts may be taken ; and that such sums, to which said judgment and note may be entitled from the collections made by Patton, Sons & Co., or their receiver, from the choses in action assigned them by T. A. Corbin, surviving partner, be ascertained and applied thereon ; and for general relief.

To this bill W. F. Patton, receiver, filed his answer, from which it appears that Thomas Corbin had full knowledge of the rendition of the judgment complained of, but declined to make any defense thereto, and final judgment was entered by his consent. The answer denies that there was any contract or assurance made, directly or indirectly, with reference to the note of $2,000, or the sum and loan represented thereby, or for the loan or forbearance thereof in any way, that made the

same usurious, and he denies that, under the law, it was usurious. The answer then states that there was a running account between the firm of T. J. Corbin & Co. and W. S. Patton, Sons & Co., into which running account, however, the note in question did not enter, it constituting a separate and independent transaction ; and, without any conference or agreement of any sort with T. J. Corbin & Co. or complainant, the defendant charged up to T. J. Corbin & Co. on said account, and credited same on note, as interest paid to the dates indicated, the following sums of money : June 30, 1891, $65.34 ; December 30, 1891, $92 ; June 30, 1892, $80.90 ; December 30, 1892, $81.78,—being interest on the said note at the rate of 8 per cent. per annum, except the sum of $92, paid December 30, 1891, which was at the rate of 9 per cent. The answer denies that anything else had been paid or credited on the note at all ; that these credits were not in pursuance of any agreement, contract, or understanding with T. J. Corbin & Co. ; and that they have not since been ratified or repudiated by Corbin & Co., or their assent asked with reference thereto. The answer also denies that there were assigned or transferred to W. S. Patton, Sons & Co., after the death of T. J. Corbin, by the surviving member of T. J. Corbin & Co., any notes, bonds, or other evidences of debt, or other thing securing the payment of the note, and denies that it is entitled to any credit or payments from that source.

The deposition of J. Paul Taylor was taken, which speaks only as to the assignment alleged to have been made, and from his deposition it appears that, at the date of that assignment, there was a large balance due to W. S. Patton, Sons & Co. on the daily and running account of Corbin & Co. with them ; that the note in controversy did not constitute a part of that daily account ; and that the whole of the collections under the assignment were insufficient to pay off and satisfy the daily account, but that a balance remained due thereon amounting to $800. Upon the pleadings and proofs the court directed the judgment

to be credited by the several sums above enumerated, and dissolved the injunction as to the residue. From this decree the appellant applied for and obtained an appeal from one of the judges of this court.

The decree is plainly right. The whole transaction is fully explained in the defendants' answer, and all the allegations of the bill are satisfactorily refuted. The court gave to the appellant every credit to which it appears by the evidence that he was entitled. The issues presented are purely questions of fact, asserted in a bill which calls for an answer under oath. The answer is responsive to the bill, and is conclusive of the case, there being no evidence in conflict with it. We are of opinion that the decree should be affirmed.